IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

KIMBERLY GUTHERIE, )
)
    **Plaintiff,** )
)
v. ) Docket No.
)
PLASTICARD PLUS, LLC ) JURY DEMAND
)
    **Defendant.** )

## COMPLAINT

COMES NOW the Plaintiff, by and through counsel, and submits her Complaint against Defendant and would allege as follows:

1. Plaintiff is a citizen and resident of Sumner County, Tennessee.

2. Defendant is a limited liability company doing business within the state of Tennessee, with its principal place of business located at 394 West Main Street, Hendersonville, Tennessee 37075, and can be served thru its registered agent Linda Mae Chambers, 394 West Main Street, Hendersonville, Tennessee 37075.

## JURISDICTION

3. All of the events complained of herein occurred in this Judicial District and the defendant is an entity contained herein, which gives rise to venue in this district, under 28 U.S.C. §1391(b).

4. This Court has jurisdiction over the lawsuit according to 28 U.S.C. §§ 451, 1331, 1337, and 1343. The Court has jurisdiction of the lawsuit in that it arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5, and pursuant to §102 of the Civil Rights Act of 1991. The Court also has supplemental jurisdiction of the State Law Claim for

discrimination, pursuant to 28 U.S.C. §1367.

**FACTS**

5. Plaintiff was hired in August, 2007 in sales for Defendant, Plasticard Plus. She was paid hourly. In September of 2008, the company was purchased by PLI at which time she received a raise. Defendant is in the business of producing plastic card blanks used by consumers.

6. During her employment Plaintiff had been subjected to continuous and ongoing sexual harassment by her supervisor. The sexual harassment included, but wasn't limited to, sexually inappropriate behavior, text messages, pictures, and phone calls.

7. In or about December 2008, Plaintiff traveled with her supervisor to Seattle, Washington, for a trade show. While in the hotel, her supervisor texted Plaintiff and asked her for lotion. Her supervisor came to her room to get the lotion and asked to come in. Her supervisor described and attempted to show Plaintiff why he was in need of the lotion which was an inappropriate sexual act.

8. In or about February 2009, while in the office her supervisor emailed her that he was distracted and was having a hard time focusing and to come to his office. When Plaintiff arrived, he was watching a video depicting sexual acts and asked Plaintiff to watch it with him but she declined.

9. On another occasion, her supervisor emailed her a photo of a partially nude woman and has shown her pictures taken by his friends at a strip club.

10. Plaintiff's supervisor would also make comments to Plaintiff about his sex drive and ask her about her sexual preferences.

11. Plaintiff told her supervisor to cease the behavior to which he responded that she

should "probably be looking for another job." Plaintiff was discharged shortly thereafter.

## CAUSES OF ACTION

### I. Gender Discrimination/Harassment

12. Plaintiff incorporates herein by reference the factual allegations outlined in paragraphs 5 through 11.

13. The plaintiff alleges that the intentional acts and omissions as described herein by the defendants constitute violations of Title VII of the Civil Rights of 1964, as amended, as a result of the gender, which entitles her to compensatory damages in the amount of $300,00.00, reinstatement, back pay, front pay, and attorney's fees and costs.

### II. Retaliation

14. Plaintiff incorporates herein by reference the factual allegations outlined in paragraphs 5 through 13.

15. Plaintiff alleges that the intentional acts and omissions as described herein by the defendant constitute adverse employment actions of retaliation for refusing to acquiesce in the harassment and discrimination under either Title VII, or the Tennessee Human Rights Act, which entitles her to compensatory damages in an amount of $300,000.00, reinstatement, back pay, front pay, and attorney's fees and costs.

### III. Violations to the Tennessee Human Rights Act

16. Plaintiff incorporates herein by reference the factual allegations outlined in paragraphs 5 through 16.

17. Plaintiff alleges that the intentional acts and omissions as described herein by the defendant violations of the Tennessee Human Rights Act for discrimination and harassment which entitle her to compensatory damages, back pay, front pay, and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. That proper process issue be served upon the defendant that the defendant be required to answer within the time prescribed by law.

2. The plaintiff receive compensatory damages, reinstatement, back pay, and front pay against the defendant in an amount supported by the proof in this cause.

3. That this Court grant a permanent injunction in joining the defendant, as officers, successors, assigns and all persons in active consort or participation with it, from engaging in employment practice which discriminates on the basis of age, gender, and/or disability or political affiliation.

4. That this matter be set for a trial by jury.

5. That the plaintiff be awarded her reasonable fees, costs, fees and expenses incurred herein.

6. For all such other general or specific relief to which the plaintiff may be entitled as the Court deems and as justice and equity require.

Respectfully submitted;

KELLY, KELLY, & ALLMAN

_____
ANDY L. ALLMAN               #17857
F. DULIN KELLY               #  4085
CLINTON L. KELLY             #16171
Attorneys for Plaintiff
629 East Main Street
Hendersonville, TN   37075
Telephone:    (615) 824-3703
Facsimile:    (615) 824-2674

5